37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jerome JOHNSON, Plaintiff-Appellant,
v.
Charles BANKS; Anthony Monix; Brian Brooks, Defendants-Appellees.
 No. 93-6411.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Jerome Johnson appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Johnson is a Tennessee prisoner who alleged that the defendants violated his constitutional rights when he was disciplined for a rule infraction without being afforded adequate due process. He sought declaratory and injunctive relief as well as compensatory and punitive damages.
 
 
 3
 On October 8, 1993, the district court dismissed the case under 28 U.S.C. Sec. 1915(d). The court found that Johnson's claims were frivolous because he did not have a liberty interest in avoiding a probated disciplinary sentence or in appealing such a sentence that would entitle him to due process protections. It is from this judgment that Johnson now appeals. The defendants were not required to file a brief on appeal because their address could not be determined from the record.
 
 
 4
 An indigent plaintiff who states an arguable claim is entitled to service of process, even when it appears that he ultimately may not be entitled to relief. Neitzke v. Williams, 490 U.S. 319, 329-30 (1989). However, a complaint may be dismissed as frivolous if it relies on a legal interest that does not exist or on a factual scenario that is fantastic or delusional. Upon review, we conclude that the district court properly determined that Johnson's claims lack an arguable basis in law. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.